IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-163-FDW
3:07-cr-61-FDW-17

| | |
|---|---|
| DANIELLE JERMAINE JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court following the Court's initial review of Petitioner's Motion to Vacate under 28 U.S.C. § 2255, (Doc. No. 1), and the Court's Order for Petitioner to provide an explanation why Petitioner's Motion should not be dismissed as untimely, (Doc. No. 3).

I. **Relevant Procedural Background**

Petitioner pled guilty on October 15, 2007, to conspiring to distribute, and possessing with the intent to distribute, one or more controlled substances, in violation of 21 U.S.C. § 841(a)(1). Petitioner did not appeal. Judgment was entered on January 5, 2009, and Petitioner was sentenced to 310 months imprisonment. Petitioner's conviction became final on or about January 19, 2009, when the time for filing a direct appeal expired. United States v. Johnson, 203 F.3d 823 (4th Cir. 2000) (unpublished); FED. R. APP. P. 4(b). Petitioner filed the instant Motion to Vacate more than three years later on March 9, 2012. (Doc. No. 1). Petitioner admitted in the original § 2255 petition that his Motion to Vacate was not filed within one year of the date in which his conviction

became final. Petitioner argued, however, that

> [t]he one-year statute of limitations does not apply in my case, because under the "AEDPA's" amendment, [§ 2255(f)(4)] applies to me. "The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" if counsel of record would have properly pursued these arguments I have. I waited over 2 years for counsel to file a requested appeal. A "COA" should be issued in this case.

(Doc. No. 1 at 12). On May 17, 2012, in an abundance of caution this Court entered an Order granting Petitioner the opportunity to explain why his § 2255 Motion should not be dismissed as untimely. (Doc. No. 3). In his response to the Court's Order of May 17, 2012, Petitioner states that the petition was not timely filed because, despite that he instructed his counsel to file an appeal, his counsel failed to do so, and counsel failed to explain appellate rules and procedure to Petitioner. (Doc. No. 4).

## II. Discussion

To be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. United States v. Oriakhi, 394 Fed. Appx. 976, 977 (4th Cir. 2010). Equitable tolling is not appropriate in this case. Petitioner blames the late filing on his counsel's failure to explain the appellate process to him, but a petitioner's "unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling." Oriakhi, 394 Fed. Appx. at 977 (citing Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000)) (finding no equitable tolling when counsel erroneously advised the petitioner as to the statute of limitations). While counsel's failure to file an appeal after Petitioner instructed him to do so would be ineffective assistance of counsel per se if raised in a timely filed petition, see Roe v. Flores-Ortega, 528 U.S. 470, 483-86 (2000), it is not grounds for applying equitable tolling to a petition that is not timely. Furthermore,

Petitioner has not shown that he was diligent in filing his § 2255 motion, as he filed it more than three years out of time. In sum, Petitioner has not shown that the circumstances in this case warrant equitable tolling. Thus, Petitioner's § 2255 petition must be dismissed as untimely.

**IT IS THEREFORE ORDERED THAT**:

(1) Petitioner's § 2255 motion, (Doc. No. 1), is dismissed with prejudice as untimely.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: October 15, 2012

Frank D. Whitney
United States District Judge