UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-618-FDW
(3:07-cr-00061-FDW-15)

| CHARLIE RENZELL STROTHER, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 will denied and dismissed.

## I. BACKGROUND

On January 6, 2009, Petitioner was sentenced to 120-months imprisonment following conviction of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). (3:07-cr-00061, Doc. No. 421: Judgment in a Criminal Case at 1-2). On February 2, 2009, Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 453).

On September 1, 2010, in a per curiam opinion, the Fourth Circuit affirmed Petitioner's conviction, but remanded the matter to the district court to correct the criminal judgment to show the correct offense to which Petitioner pled guilty. United States v. Strother, 394 F. App'x 14, 15 (4th Cir. 2010) (unpublished). On October 19, 2010, the Court entered an Amended Judgment reflecting the correct offense to which Petitioner pled guilty: Distribution of Cocaine Base and Aiding and Abetting, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. §

2. The remaining terms of the original Judgment remained unchanged, including Petitioner's active term of 120-months imprisonment. (Doc. No. 532: Amended Judgment in a Criminal Case at 1-2). Petitioner did not file an appeal from the Amended Judgment. Instead, Petitioner filed the present motion under Section 2255 attacking his sentence and the performance of his trial counsel. (3:11-cv-618, Doc. No. 1).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Petitioner has not requested an evidentiary hearing to resolve the claims raised in his Section 2255 motion, and after having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner contends that the Fourth Circuit's ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), demonstrates that his prior state drug conviction, for which he was sentenced to a suspended term of 6-8 months, did not qualify him for the Section 851 sentencing enhancement which was noticed by the Government in his criminal case. (Doc. No. 1 at 3; 3:07-cr-00061, Doc. No. 24: Section 851 Notice). Because recent Fourth Circuit law forecloses this argument, the Court will deny Petitioner's Section 2255 petition.

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the [Controlled Substances Act], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding

one year. Simmons, 649 F.3d at 243. Simmons overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which provided that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner was convicted of distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2, and sentenced to an active term of 120-months' imprisonment. The term of imprisonment under Section 841(b)(1)(B) "may not be less than 5 years and not more than 40 years" and if the defendant has previously been convicted of a felony, controlled substance offense, "such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life."

A person in federal custody may, in certain circumstances, and as is relevant for this case, challenge their sentence. 28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).

Petitioner's sentence of 120-months, with or without consideration of the Section 851 Notice, was within the maximum sentence as provided by § 841(b)(1)(B), that is, not less than 5 years and not more than 40 years in prison.

In United States v. Powell, 691 F.3d 554 (4th Cir. 2012), the Circuit held that

3

Powell's challenge to his twenty-year term of imprisonment based on a prior state drug conviction for which he was not sentenced to more than one year must fail. In 2004, Powell was convicted under 21 U.S.C. § 846 of conspiring within intent to distribute crack cocaine. Powell was sentenced pursuant to the provisions of 21 U.S.C.§ 841(b)(1)(A) which provides for a sentence of no less than ten years and not more than life imprisonment. The Government, however, had filed a Section 851 notice of enhancement based on a prior controlled substance offense. The Section 851 enhanced Powell's mandatory minimum sentence to 240-months imprisonment, subjecting Powell to a sentence of no less than twenty years and not more than life . The Fourth Circuit held, however, that despite the Section 851 notice, under § 841(b)(1)(A), Petitioner was still subject to a maximum term of imprisonment of life. The Court then concluded that, despite the Section 851 notice, because Powell was still sentenced within the maximum term of life, he was not entitled to relief.[1]

While Powell was sentenced under § 841(b)(1)(A), and Petitioner was sentenced under § 841(b)(1)(B), the holding in Powell demonstrates that Petitioner's 120 month sentence, which was comfortably within the unenhanced statutory maximum of not more than 40 years, was a

---

[1]Note in particular Judge King's comment in his dissenting opinion:

> As a case in point, Powell received Section 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum– as any such enhanced sentence subsection (b)(1)(A) sentence would necessarily be.

Powell, 691 F.3d at 562 n.1 (Judge King, concurring in the judgment).

legal sentence. Accordingly, Petitioner is not entitled to relief in this collateral proceeding.[2]

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Dismiss Petitioner's Section 2255 motion is **GRANTED**. (Doc. No. 8).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 26, 2012

Frank D. Whitney
United States District Judge

---

[2] Petitioner's argument that his appellate attorney may have provided ineffective assistance of counsel for failing to raise the issue of his Section 851 Notice is without merit. As the Court has found, Petitioner's sentence was within the maximum, with or without consideration of the prior state drug conviction.